DLA PIPER LLP (US)
BENJAMIN M. GIPSON (SBN 222830)
ben.gipson@us.dlapiper.com
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendant
AVENU INSIGHTS AND ANALYTICS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TIMOTHY PALMER, an individual, TIMOTHY PALMER on behalf of himself and on behalf of others similarly situated,,

Plaintiffs,

v.

AVENU INSIGHTS AND ANALYTICS, LLC, a Limited Liability Company, CONDUENT INC., a Virginia Corporation;
and DOES 1 through 50, inclusive

Defendants.

CASE NO.

**DEFENDANT AVENU INSIGHTS AND ANALYTICS, LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C SECTIONS 1332 AND 14411(A) (DIVERSITY JURISIDICTION)**

*(Removed from the Los Angeles Superior Court, Case No. 20VECV0104]*

**TABLE OF CONTENTS**

**Page**

I. SUMMARY OF ALLEGATIONS .................... 1
II. BASIS FOR JURISDICTION .................... 2
III. DIVERSITY OF CITIZENSHIP .................... 2
IV. AMOUNT IN CONTROVERSY .................... 3
V. COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL .................... 4

## TABLE OF AUTHORITIES

**Page**

### CASES

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993 (C.D. Cal. 2002) .... 3

*Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199 (E.D. Cal. 2008) .... 3

### STATUTES

28 U.S.C. § 1332 .... 1, 2

28 U.S.C. §§ 1332 and 1441(a) .... 1

28 U.S.C. § 1332(a) .... 2, 3, 4

28 U.S.C. § 1332(c)(1) .... 2

28 U.S.C. § 1441(a) .... 1, 2, 3, 4

28 U.S.C. § 1441(b) .... 2

28 U.S.C. § 1446(b) .... 4

28 U.S.C. § 1446(c)(2)(B) .... 3

28 U.S.C. § 1446(d) .... 5

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant AVENU INSIGHTS AND ANALYTICS, LLC ("Defendant") hereby files its Notice of Removal pursuant to 28 U.S.C. sections 1332 and 1441(a). Defendant's Removal of this matter is based on the grounds set forth below.

## I.

## SUMMARY OF ALLEGATIONS

1. On or about September 8, 2020, plaintiff Timothy Palmer ("Plaintiff") commenced an action against Defendant in the Superior Court of California, County of Los Angeles, in his complaint entitled *Timothy Palmer v. Avenu Insights and Analytics, LLC*, Case No. 20VECV0104 ("Complaint").

2. Plaintiff's Complaint alleges fourteen (14) causes of action against Defendant: (1) retaliation in violation of Labor Code § 98.6; (2) failure to pay wages upon termination in violation of Labor Code §§ 201, 202; (3) failure to pay all wages earned on regularly scheduled pay days in violation of Labor Code § 204; (4) failure to provide accurate wage statements in violation of Labor Code §§ 226, 226.3, 226.6; (5) failure to pay overtime in violation of Labor Code § 510; (6) failure to provide meal breaks and rest breaks in violation of Labor Code §§ 226.7, 512; (7) failure to pay proper minimum wage in violation of Labor Code §§ 1174(d), 1194, 1197, 1197.1, 1199; (8) failure to keep accurate records in violation of Labor Code § 1174(d); (9) violation of Labor Code § 1198; (10) Private Attorney General's Act action under Labor Code §§ 2268, 2699 *et seq*.; (11) violation of California Business and Professions Code § 17200; (12) failure to enter into commission contract in violation of Labor Code § 2751; (13) breach of oral contract; and (14) fraud.

3. Plaintiff served the Summons and Complaint on Defendant on April 21, 2020. (**Exhibits A - H**, Declaration of Benjamin M. Gipson in Support of Defendant's Notice of Removal ("Gipson Dec.") at ¶ 3.)

## II.

## BASIS FOR JURISDICTION

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1441(a) and 28 U.S.C. Section 1332, which vests the District Court with original jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000.

## III.

## DIVERSITY OF CITIZENSHIP

5. Upon information and belief, Plaintiff is a citizen of the State of California. (*See* Complaint at ¶ 4, attached hereto as **Exhibit A**; Gipson Dec. at ¶ 5).

6. Defendant is not, and was not at the time this action commenced, a citizen of the State of California within the meaning of 28 U.S.C. §1332(a).

7. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is a corporation organized under the laws of the State of Virginia. (Declaration of Michael Melka in Support of Defendant's Notice of Removal, ¶ 2). Defendant's principal place of business, at all relevant times, has been in the State of Virginia. (*Id.*).

8. The "Doe" defendants named in the Complaint are disregarded for purposes of assessing diversity of citizenship. 28 U.S.C. § 1441(b) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.")

9. Because Plaintiff and Defendant are citizens of different states, there is complete diversity between the parties. Because there is complete diversity and the

amount in controversy is met, the requirements for removal under 28 U.S.C. sections 1332(a) and 1441(a) and (b) are satisfied.

## IV.

## AMOUNT IN CONTROVERSY

10. The amount in controversy requirement is satisfied because the aggregate amount of damages Plaintiff is claiming far exceeds the $75,000 threshold as set forth in 28 U.S.C. Section 1332(a).[1]

11. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry, therefore, is what amount is put "in controversy" by the plaintiff's complaint or other papers, not what the defendant will actually owe for any violations that may have occurred. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008). Due to the fact that Defendant can demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000, removal is proper. 28 U.S.C. § 1446(c)(2)(B).

12. When Plaintiff served Defendant with the Complaint on October 20, 2020, he attached a Statement of Punitive Damages for Avenu Insights and Analytics, LLC seeking up to $5,000,000 in punitive damages. (*See* Statement of Punitive Damages, attached hereto as **Exhibit E** (emphasis added)). In the Complaint, Plaintiff alleges he is owed $48,454.08 in commissions. (*See* Complaint at ¶ 156). He also alleges he is owed penalties for wage statement violations, which are calculated at $4,000. (*See* Complaint at ¶ 59). Plaintiff also alleges he is owed waiting time penalties, which are calculated as 30 days of Plaintiff's wages. As

[1] Defendant acknowledges only that the amount put in controversy by Plaintiff's allegations exceeds $75,000 and in no way concedes the truth of any of Plaintiff's allegations or that Plaintiff is entitled to relief in that amount or any amount whatsoever. Defendant expressly denies any allegations of wrongdoing and reserve all rights to assert any and all applicable defenses in this matter.

Plaintiff alleges his annual salary was $127,000 at his separation, his daily wages were $488. At 30 days, Plaintiff alleges he is owed $14,640 in waiting time penalties. Plaintiff further seeks attorney's fees, which, assuming attorneys' fees at 20% of the potential liability of $67,094.08 equals $13,418.82. (*See* Complaint at ¶ 156). In total, Plaintiff seeks a total monetary judgment of $80,512.90 – not including the punitive damages. (*See* Complaint at ¶¶ 25, 44). This more than satisfies the $75,000 amount in controversy requirement of 28 U.S.C. Section 1332(a).

21. Therefore, based on Plaintiff's Statement of Damages Against Defendant, Plaintiff's claims plainly exceed the $75,000 threshold as set forth in 28 U.S.C. Section 1332(a). Accordingly, removal is appropriate and proper.

## V.

## COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL

22. This Notice is timely filed under 28 U.S.C. Section 1446(b) because it is being filed within thirty (30) days of the date of October 20, 2020, on which Plaintiff served Defendant with the Summons and Complaint. (**Exhibits A - H**; Gipson Dec. at ¶¶ 3, 5-12). Defendant's Notice of Removal therefore falls within the thirty (30) time period to remove under 28 U.S.C. Section 1446(b) and Rule 26(a)(1).

23. Pursuant to 28 U.S.C. Section 1441(a), the United States District Court, Central District (the "Court") is the proper venue for this removal, because the Complaint was filed in Los Angeles County, which is within the boundaries of the Central District of California – Western Division. (**Exhibit A**, Gipson Dec. at ¶5)

24. Defendant attaches hereto, to the declaration of Benjamin M. Gipson, a copy of all processes, pleadings, and orders served upon Defendant as well as all documents filed with the State Court in this case, as follows:

- **Exhibit A** – Complaint
- **Exhibit B** – Summons
- **Exhibit C**– Civil Case Cover Sheet
- **Exhibit D** – Addendum to Civil Case Cover Sheet
- **Exhibit E –** Statement of Punitive Damages
- **Exhibit F –** Notice of Case Management Conference
- **Exhibit G –** Notice of Case Assignment
- **Exhibit H –** Notice and Acknowledgment of Receipt

25. In accordance with 28 U.S.C. Section 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to counsel of record for Plaintiff, and a Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court of the State of California, County of Los Angeles.

26. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant respectfully requests that these proceedings be removed to this Court.

Dated: November 19, 2020 **DLA PIPER LLP (US)**

By: */s/ Benjamin M. Gipson*
BENJAMIN M. GIPSON
Attorneys for Defendant
AVENU INSIGHTS AND ANALYTICS, LLC