1    Rosemary Amezcua-Moll, SBN 223875
     Email: Rose@amalaw.net
2    Attorneys for Plaintiff, TIMOTHY PALMER
     **AMEZCUA-MOLL & ASSOCIATES, P.C.**
3    1122 E. Lincoln Avenue, Suite 203
     Orange, CA 92865
4    Telephone: (714) 288-2826
     Facsimile: (714) 464-4536

5

6              **UNITED STATES DISTRICT COURT**

7              **CENTRAL DISTRICT OF CALIFORNIA**

8
     TIMOTHY PALMER, an individual,        CASE NO. 2:20-cv-10591FLA(SKx)
9    TIMOTHY PALMER behalf of himself
     and on behalf of others similarly     (Removed from the Los Angeles
     situated,                             Superior Court, Case No. 20VECV0104)
10
                                           Judge:  Hon. Fernando L. Aenlle-Rocha
11                      Plaintiff,         Ctrm:  6B
            vs.
                                           ***Civil Unlimited***
12
     AVENU INSIGHTS AND                    **COMPLAINT FOR:**
13   ANALYTICS, LLC, a Limited Liability
     Company, CONDUENT BUSINESS            **PLAINTIFF'S FIRST AMENDED**
14   SERVICES, LLC, a Delaware Limited     **COMPLAINT FOR:**
     Liability Company; and DOES 1          1.  Retaliation in Violation of Labor
15   through 50, inclusive,                      Code §98.6;
                                            2.  Failure to Pay Wages Upon
16                      Defendants.             Termination in Violation of Labor
                                               Code §§201, 202;
17                                          3.  Failure to Pay All Wages Earned
                                               on Regularly Scheduled Pay Days
18                                             in Violation of Labor Code §204;
                                            4.  Failure to Provide Accurate Wage
19                                             Statements in Violation of Labor
                                               Code §§226, 226.3, 226.6;
20                                          5.  Failure to Pay Overtime in
                                               Violation of Labor Code §510;



6. Failure to Provide Meal Breaks and Rest Breaks in Violation of Labor Code §§226.7, 512;
7. Failure to Pay Proper Minimum Wage in Violation of Labor Code §§ 1174(d), 1194, 1197, 1197.1, 1199;
8. Failure to Keep Accurate Records in Violation of Labor Code §1174(d);
9. Violation of Labor Code § 1198;
10. PAGA Action Under Labor Code §§2698 and 2699 *et seq.*;
11. Violation of California Business and Professions Code §17200;
12. Failure to Enter into Commission Contract in Violation of Labor Code §2751;
13. Breach of Oral Contract; and
14. Fraud

**DEMAND FOR JURY TRIAL**

Plaintiff TIMOTHY PALMER, ("Plaintiff") hereby complains as follows on his own behalf and on behalf of other aggrieved Employees ("Employees") against Defendants AVENU INSIGHTS AND ANALYTICS, LLC.  Plaintiff also hereby complains on behalf of himself as an individual against defendants AVENUE INSIGHTS AND ANALYTICS, LLC, and CONDUENT BUSINESS SERVICES, LLC.:

///

///

## INTRODUCTION

1.     This is a complaint for recovery of individual damages as well as penalties under the California Labor Code Private Attorney General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698 *et seq*. PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of himself and other current and former Employees to address an employer's violations of the California Labor Code. In this case, Defendants failed to pay all wages and commissions due and owing upon termination of Plaintiff's employment, failed to timely pay all wages on regularly scheduled paydays, failed to pay overtime, failed to pay wages after demand was made, unlawfully withheld wages from its Employees, failed to pay interest owed on unpaid wages, failed to provide meal and rest breaks, , failed to pay minimum wage, unlawfully withheld wages, failed to provide accurate and itemized wage and payroll statements, failed to keep adequate payroll records, and failed to enter into a written commissions contract with Plaintiff.  Further, Plaintiff was retaliated against for making complaints regarding improper payment of commissions, the Employer violated Labor Code §432.5 wherein Plaintiff was forced to sign a non-compete agreement and Plaintiff was misclassified as an exempt employee.

2.     PAGA permits an "aggrieved employee" to recover penalties on behalf of himself or himself and other current or former Employees as a result of the employer's violations of certain sections of the California Labor Code. Plaintiff is

1  an aggrieved employee as Plaintiff was employed by Defendants and was not

2  provided with proper wages and commissions, overtime pay; and proper and

3  adequate wage statements. These violations of the California Labor Codes give rise

4  to private right of action under PAGA.

5      3.      Plaintiff requests on behalf of himself and other aggrieved Employees

6  damages, penalties, and injunctive relief against Defendants and Does 1-50 as

7  provided under Cal. Lab. Code §§98.6, 201, 202, 203, 204, 226, 226.3, 226.6, 226.7,

8  432.5, 510, 512, 751.8, 1102.5, 1174(d), 1194, 1197.1, 1199 and 2751, plus interest,

9  reasonable attorney's fees and costs, in amounts to be proved at trial.

10

11

12      **PARTIES, JURISDICTION, AND VENUE**

13      4.      Plaintiff Timothy Palmer ("Plaintiff") is an individual residing in Los

14  Angeles County, California.

15      5.      Defendant Avenu Insights and Analytics, LLC ("Avenu") is, and at

16  relevant times was a company organized and existing under the laws of the state of

17  Virginia, with its principal place of business in Centreville, Fairfax County.

18  Jurisdiction is proper in this matter as Defendant has offices in California including

19  an office located at 5716 Corsa Ave., Suite 203, Westlake Village, California 91362

20  and as such, jurisdiction is proper.

FIRST AMENDED COMPLAINT

6.     Defendant CONDUENT BUSINESS SERVICES, LLC, a Delaware Limited Liability Company ("Conduent") is a business with its principal place of business in Florham Park, New Jersey. In or about September 2018, the division Plaintiff worked for was bought out by Avenu Insights and Analytics, LLC who does business in California.

7.     Venue is proper in this matter because a substantial number of events giving rise to this litigation occurred in the county of Los Angeles, California.

8.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

9.     Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, defendants and each of them, were an owner, a co-owner, an agent, representative, partner and/or alter ego of its co-defendants, or otherwise acting on behalf of each remaining defendant and, in doing the things hereinafter alleged, were acting within the course and scope of their authorities as an owner, a co-owner, an agent, representative, partner and/or alter ego of its co- defendants, with the full knowledge, permission and consent of each and every remaining defendant, each co-defendant having ratified the acts of the other co-defendants.

FIRST AMENDED COMPLAINT

10.    Plaintiff is informed and believes, and upon such information and belief, alleges that each of the defendants named herein as Does 1-50, inclusive, were and are in some manner responsible for the actions, acts and omissions herein alleged, and for the damage caused by the defendants, and are, therefore, jointly and severally liable for damages caused to Plaintiff and other aggrieved employees.

11.    Plaintiff is informed and believes, and upon such information and belief, alleges that each of the defendants, including Does 1-50, inclusive, were at all times herein mentioned, acting in concert with, and in conspiracy with, each and every one of the remaining defendants.

12.    Wherever appearing in this Complaint, each and every reference to defendants or to any of them, is intended to be and shall be a reference to all defendants hereto, and to each of them, named and unnamed, including all fictitiously named defendants, unless said reference is otherwise specifically qualified.

13.    Plaintiff alleges that Defendants Avenu and Defendants Does 1 through 50, inclusive, (hereinafter collectively referred to as "Defendants") are, and at all times herein mentioned were, in control of and/or were shareholders of the stock of the Defendants and/or promoters of Defendants. There exists, and at all times herein mentioned existed, a unity of interest between Defendants that any individuality and

FIRST AMENDED COMPLAINT

separateness between the Defendants have ceased, and the Defendants are the alter

ego of the other Defendants as follows:

     (a) Plaintiff alleges that Defendant Avenu, and at all times herein

mentioned was, a mere shell and sham without capital, assets, stock or stockholders.

Said Defendant Avenu was conceived, intended, and used by the other Doe

Defendants as a device to avoid liability and for the purpose of substituting a

financially insolvent corporation in the place of a solvent Defendant.

     (b) Plaintiff alleges that Avenu is, and at all times herein mentioned

was, so inadequately capitalized that, compared with the business to be done by it.

and the risks of loss attendant thereto, its capitalization was illusory or trifling.

     (c) Plaintiff alleges that Defendant Avenu is, and at all times herein

mentioned was, the alter ego of Doe Defendants and there exists, and at all times

herein mentioned has existed, a unity of ownership between Defendants such that

any separateness has ceased to exist in that Defendants used assets of Doe

Defendants for its personal use, caused assets of Defendant Avenu. be transferred to

them without adequate consideration.

     (d) Plaintiff alleges that Defendant Avenu is, and at all times

mentioned herein was, a mere shell, instrumentality and conduit through which Doe

Defendants carried on their business in the name of Avenu exactly as they conducted

it previous to transferring assets, exercising complete control and dominance of such

FIRST AMENDED COMPLAINT

1   business to such an extent that any individuality or separateness of each Defendant

2   does not now, and at any time herein mentioned did not, exist.

3           (e) Plaintiff alleges that Defendant Avenu is, and at all times herein

4   mentioned was, controlled, dominated, and operated by Doe Defendants as their

5   business and alter ego, in that the activities and business of Defendant Avenu were

6   carried out without the holding of Directors or Shareholders meetings, no records or

7   minutes of any corporate proceedings were maintained.

8           (f) Plaintiff alleges that adherence to the fiction of separate

9   existence of Defendant Avenu as an entity distinct from Doe Defendants would

10  permit abuse of the corporate privilege and would sanction fraud as it may leave

11  Plaintiff without a remedy.

12  14.   As a result of the acts, and omissions complained of hereinabove, said

13  Defendants are jointly and severally liable, for all relief sought herein by Plaintiff.

14  15.   Plaintiff also files this action under Labor Code §§ 2698, et seq., of the

15  Private Attorney General Act of 2004 ("PAGA") as an "aggrieved Plaintiff" under

16  the Act and to enforce violations of the Labor Code in lieu of the Labor

17  Commissioner, seeking to personally recover all penalties and other damages

18  afforded by law and for other aggrieved employees to recover all penalties and other

19  damages afforded by law.

20  16.   Plaintiff Timothy Palmer will be referred to as "Plaintiff" individually.

FIRST AMENDED COMPLAINT

1  Plaintiff collectively with other aggrieved Employees will be referred to collectively
2  as "Employees."

3  ## **GENERAL ALLEGATIONS**

4  17.    Plaintiff began his employment with CONDUENT, INC. on January 1,
5  2017. Plaintiff's division at CONDUENT was acquired by AVENU INSIGHTS
6  AND ANALYTICS, LLC in or about September 2018.

7  18.    Plaintiff was classified throughout his employment with both
8  CONDUENT and AVENU as an exempt employee.

9  19.    Plaintiff throughout his employment with CONDUENT and AVENU
10  worked in excess of eight (8) hours a day and forty (40) hours a week for which he
11  did not receive proper compensation.

12  20.    Plaintiff was paid on a salary basis and throughout his employment with
13  CONDUENT and AVENU, he was not paid overtime based on his regular rate of
14  pay as required by law.

15  21.    There were some hours worked for which Plaintiff did not receive at least
16  minimum wage on days or weeks that he worked more than eight (8) hours in a day
17  and forty (40) hours in a work week.

18  22.    Plaintiff worked with similarly situated employees that were paid a salary
19  and were not paid for all hours worked.

20  23.    Plaintiff worked overtime on certain dates throughout his employment

FIRST AMENDED COMPLAINT

1    with CONDUENT and AVENU.

2        24.        For example, Plaintiff worked overtime hours on January 31, 2018 of at

3    least two (2) hours due to the demands of his work.

4        25.        Plaintiff worked additional overtime throughout the months of 2018 and

5    continuing through his termination.

6        26.        Once CONDUENT was acquired by AVENU, Plaintiff still worked

7    overtime.

8        27.        For example, Plaintiff worked at least seven (7) hours of overtime the

9    week of October 21, 2018 through October 27, 2018.  The overtime hours were

10   performed on October 22, 2018 and October 25, 2018 with hours more than eight

11   (8) in a day and more than forty (40) in a week due to the demands of his work.

12       28.        Plaintiff was required to work hours that did not always allow Plaintiff

13   to take a rest ort meal break within the time prescribed by law or was interrupted

14   before the expiration of the rest or meal break.

15       29.        Defendants did not have a policy or procedure that allowed for or ensured

16   that Plaintiff or similarly situated employees could take an uninterrupted rest or meal

17   break.

18       30.        When Plaintiff or similarly situated employees would travel, the ability

19   to take a legally compliant uninterrupted rest or meal break was compromised and

20   often not possible.

FIRST AMENDED COMPLAINT

31.     Defendants impeded the Plaintiff and similarly situated employees from taking uninterrupted rest and meal breaks throughout employment.

32.     When Plaintiff or similarly situated employees would travel or have extensive meetings, they were required to work without a legally compliant rest or meal break.

33.     Or around October 25, 2018, Plaintiff was required to start back-to-back meetings from 5:00 am until such time as he had to fly for work related purposes at 6:45 pm.  Plaintiff was not able to and dissuaded from taking all legally compliant rest or meal breaks.

34.     As another example, on or about May 23, 2018, Plaintiff was required to work from 6:45 am through 11:30 am without a break.  The schedule that day included mandatory meetings for all employees.  As a result of this, Plaintiff was prohibited and dissuaded from taking his legally complaint rest break.  Plaintiff worked beyond 11:30 but the hours of 6:45 am to 11:30 am were mandatory and impeded Plaintiff from taking his lawful break.

35.     Plaintiff requested and received copies of his payroll records and the payroll records are deplete with records to show Plaintiff was properly paid for all time worked or allowed the opportunity to take lawful rest and meal breaks, uninterrupted.

36.     Plaintiff is informed and believes that if he were to review similarly

FIRST AMENDED COMPLAINT

situated employee's payroll records the same would be true – that payroll records are deplete with records to show similarly situated employees were properly paid for all time worked or allowed the opportunity to take lawful rest and meal breaks, uninterrupted.

37.    There were other instances where Plaintiff could not take his lawful uninterrupted or timely breaks.

38.    Plaintiff was paid on a salary basis and was required to work in excess of eight (8) hours in a day and forty (404) hours in a week.

39.    Plaintiff was not paid for the excess hours beyond forty (40) in the work weeks when he worked more than the forty (40) hours he was paid.  As a result, Plaintiff was not paid at least minimum wages for hours worked over forty in various work weeks as noted above.

40.    Plaintiff is informed and believes that similarly situated employees were also required to work over 40 hours in a work week yet only paid a salary based on forty (40) hours.  These similarly situated employees were not paid for the hours they worked in excess of the forty (40) hours worked and as such were not paid at least minimum wages.

41.    Prior to CONDUENT being acquired by AVENU, Plaintiff and similarly situated employees executed a 2018 Sales Commission Plan ("SCP").

42.    Material terms of the SCP included but were not limited to the following

FIRST AMENDED COMPLAINT

terms:

    a. Section 1.2: A participant can only be assigned to a single incentive plan at any given time and will not be eligible for any other Conduent incentive or commission-based plans.

    b. Eligible sales were paid at 2%, unless changed.

    c. Section 3.1 A. Conduent reserves the right to evaluate and/or change commission rates and adjust as business needs dictate.

    c. Section 3.4: If the commission payment for a Hunter on an individual deal exceeds $25,000, then commission will not become eligible for payment until 60 days after the deal has closed and been reported within SFDC. If the payment become payable after the quarterly commission has been processed, the amount will be pay in the following scheduled quarterly commission pay out.

    d. Section 4.2: Conduent reserves the right at any time during the course of the year to review and revise the Plan terms, conditions and targets to what is considered by Conduent, in its sole and absolute discretion, as the appropriate level.

    e. Section 4.6: This Plan must be signed in order for any commission to be paid, regardless of plan year.

43.    The SCP was devoid of any language requiring any changes to be in

writing and signed by all parties.

44.    The SCP was the last executed agreement between Plaintiff and any employer regarding the terms of his compensation plan.

45.    Once CONDUENT was acquired by AVENU, Plaintiff was told by his manager who was the VP of Sales that he would be "really happy with the new comp plan" and if Plaintiff close[d] this $2,184,000 deal, [he'd] make 4% of the $2,184,000 sale.

46.    The VP of Sales, Mike Romano sent Plaintiff an email on February 08, 2019 at 1:01 PM stating the Comp plan had been approved at 4%.  Attached hereto and marked as Exhibit "A" is a true and correct copy of the email from Mr. Romano to Plaintiff stating the commissions were to be at 4%.

47.    As noted above, the last executed agreement between Plaintiff and his employer stated in Section 4.1: " Conduent reserves the right at any time during the course of the year to review and revise the Plan terms, conditions and targets to what is considered by Conduent, in its sole and absolute discretion, as the appropriate level.

48.    Plaintiff and others were told that the new comp plan would be better than the last one.

49.    Plaintiff is informed and therefore alleges that Mike Romano had the requisite authority to change the percentage of payout from 2% to 4% and did in fact

FIRST AMENDED COMPLAINT

1    agree to change the percentage of payout from 2% to 4%.

2      50.      In or about April 2019, Plaintiff received $45,454.08, however, Plaintiff

3    was advised AFTER he secured the sale in complete reliance on receiving a total of

4    4% for the sale that the other $45,454.08 was being held back "for completion of

5    implementation."

6      51.      Plaintiff never agree to wait for the balance of his commissions to be paid

7    after implementation and per the terms of his prior SCP, he was to be paid all of the

8    earned commissions 60 days after the deal closed.

9      52.      Plaintiff timely received part of his commissions but the additional 2%

10    promised to him was unlawfully and willfully withheld.

11      53.      Plaintiff agreed to the 4% commission plan with the complete

12    understanding and expectations that it was "better than the last one."  Since the prior

13    agreement Plaintiff had did not require him to wait for any portion of his

14    commissions, it was understood and agreed by all that Plaintiff would be paid the

15    4% as previously paid since 4% is better than 2%.

16      54.      Plaintiff was concerned at that time as he knew AVENU'S reputation for

17    completing implementation was less than stellar.

18      55.      The V.P. of Sales told Plaintiff that because Plaintiff lived in California,

19    AVENU would have to pay Plaintiff anyway.

20      56.      Plaintiff has never received the remaining $45,454.08 he was promised

FIRST AMENDED COMPLAINT

1  as an inducement to continue generating sales for AVENU after AVENU acquired

2  the division of CONDUENT where Plaintiff previously worked.

3  57.    Defendant AVENU willfully withheld the $45,454.08 he was due in

4  commissions.

5  58.    Plaintiff complained about the right to the commissions but Defendant

6  AVENU knowingly and willfully decided not to pay him his lawful and promised

7  wages.

8  59.    As a result of Defendants failure to properly pay all hours worked, pay

9  overtime, pay at least minimum wage, pay commissions promised and earned, or to

10  provide timely or uninterrupted and legally compliant rest and meal breaks, Plaintiff

11  and similarly situated employees did not receive proper wage statements.

12  60.    As noted above, Plaintiff and similarly situated employees were

13  misclassified as exempt employees and Defendants failed to keep adequate records

14  of all hours worked or when rest or meal breaks were taken.

15  61.    Plaintiff's salary at termination was $127,000 per year, plus

16  commissions.

17  62.    On average, Plaintiff traveled once a month for his employment.

18  63.    Plaintiff resigned from his position as Public Sector Client Executive

19  with his last day of employment being August 9, 2019.  Plaintiff resigned because

20  AVENU refused to pay his commissions as promised and earned.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

64.    The requisite PAGA notice was sent to the Labor and Workforce Development Agency, to AVENU and to counsel for AVENU via certified mail on May 14, 2020.

43.    Plaintiff submitted his PAGA letter electronically to the Labor and Workforce Development Agency on May 14, 2020.

44.    On May 14, 2020, Plaintiff received confirmation of receipt from the Labor and Workforce Development Agency. The matter was assigned case number LWDA-CM-786677-20.

65.    Plaintiff received the signed certified mail return receipt from counsel for Avenu dated May 18, 2020.

66.    Plaintiff received the signed certified mail return receipt from AVENU dated May 19, 2020.

45.    Plaintiff received the signed certified mail return receipt from the PAGA Administrator for the Labor and Workforce Development Agency dated May 21, 2020.

67.    No correspondence was thereafter received indicating that the Labor and Workforce Development Agency intended to pursue the matter. Sixty-five (65) days

FIRST AMENDED COMPLAINT

have passed since notification of case assignment was received. As such, Plaintiff is now able to pursue his claims in court pursuant to Cal. Lab. Code §2699.3(a)(2)(A).

## **FIRST CAUSE OF ACTION**

**[Individual Claim via Labor Code §§2698 and 2699, *et seq*. for**

**Retaliation in Violation of California Labor Code §§98.6, 1102.5]**

**(against AVENU and Does 1 – 50)**

68.     Plaintiff incorporates the previous paragraphs as though they are fully set forth hereafter.

69.     Defendants retaliated against Plaintiff because he complained to Defendants about their improper payment of commissions to Defendants' employees by refusing to and keeping his earned pay thereby forcing him to terminate his employment with AVENU.

70.     As a direct and proximate result of Defendants' retaliatory actions against Plaintiff, as herein referenced, Plaintiff has suffered and continue to suffer general, consequential and special damages, including but not limited to: lost wages and employment benefits, emotional and mental distress, anguish, and humiliation and attorney fees, all to their damage in an amount according to proof.

71.     Said retaliation was wrongful and justifies the imposition of punitive

FIRST AMENDED COMPLAINT

1    damages. Defendants intentionally retaliated against Plaintiff and acted maliciously,

2    fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, with

3    an evil and sinister purpose and/or in conscious disregard for Plaintiff's rights. Based

4    upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants

5    and each of them in an amount according to proof.

6

7    **<u>SECOND CAUSE OF ACTION</u>**

8    **[Individual and Representative Claim via Labor Code §§2698 and 2699, *et***

9    ***seq*. for**

10    **Violation of California Labor Code §§201, 202, 203]**

11    **(against AVENU and Does 1 – 50)**

12    72.     Plaintiff incorporates the previous paragraphs as though they are fully set

13    forth hereafter.

14    73.     Plaintiff alleges that California Labor Code §201 requires in pertinent

15    part, that an employer pay all wages earned and unpaid to employees upon discharge

16    of the employee.

17    74.     Plaintiff alleges that California Labor Code §202 requires in pertinent

18    part, that if an employee not having a written contract for a definite period quits his

19    or her employment, his or her wages shall become due within 72 hours of that

20    employee quitting without notice, or immediately at the time of quitting when the

1    employee has given 72 hours previous notice of his or her intention to quit.

2    75.    Defendants failed to pay all wages, including commissions, due and

3    owing to Plaintiff within 72 hours of his resigning from his employment with

4    Defendants and continue to fail to pay all wages, including commissions, due

5    Plaintiff.

6    76.    Plaintiff is informed and believes and thereon alleges that other aggrieved

7    Employees also quit working for Defendants or were terminated by Defendants and

8    were not paid all wages due and owing at that time and over 30 days have passed

9    since the other aggrieved Employees ceased their employment with Defendants and

10    they have not yet been paid.

11    77.    As a result of Defendants' failure to pay Plaintiff in full, Plaintiff is

12    entitled to waiting time penalties pursuant to Labor Code §203, for a period of thirty

13    (30) days.

14    78.    Under Labor Code §211, Defendants are also required to pay any court

15    costs or fees incurred by Plaintiff in Plaintiff's pursuit of this action.

16    79.    As a result of the Defendants' violation, Plaintiff is entitled to payment

17    of all wages earned and unpaid at the time of discharge, any statutory or civil

18    penalties provided for by law, interest, attorneys' fees, costs, compensatory

19    damages, and other remedies in an amount to be proven at trial.

20    80.    Plaintiff on behalf of all similarly situated aggrieved Employees also

FIRST AMENDED COMPLAINT

1  seeks any statutory or civil damages and/or penalties as provided under the Private

2  Attorney General Act, under Labor Code §§2698 and 2699 et seq. that have been

3  incurred by way of Defendants' actions causing harm to Employees.

4      81.    For Defendants' misconduct as alleged herein, Plaintiff seeks injunctive

5  relief to stop practice, pay a professional for employment audit, and pay for

6  professional employment practice training to prevent future violations, as well as

7  attorney's fees and costs in an amount to be proven at trial.

8

9  **THIRD CAUSE OF ACTION**

10  **[Individual and Representative Claim via Labor Code §§2698 and 2699, *et***

11  ***seq*. for**

12  **Violation of California Labor Code §204]**

13  **(against CONDUENT as an individual claim only RE California Labor Code**

14  **§204 and Individual and Representative Claim against AVENU and Does 1 –**

15  **50)**

16      82.    Plaintiff incorporates the previous paragraphs as though they are fully set

17  forth hereafter.

18      83.    Plaintiff alleges that California Labor Code §204 requires in pertinent

19  part that an employer pay all wages due and owing to the employee in a timely

20  manner, twice a month, on days designated in advance by the employer as the regular

1    payday, and that any wages earned for labor in excess of the normal work period

2    shall be paid no later than the payday for the next regular payroll period.

3        84.    Plaintiff and Employees were often not paid their wages in a timely

4    manner, violating Cal. Lab. Code §204.

5        85.    Plaintiff alleges that California Labor Code §210 requires in pertinent

6    part, that an employer who fails to pay wages in the timely manner required under

7    §204 shall be subject to civil penalties in the amount of $100 for each initial

8    violation, and $200 plus 25% of the amount lawfully withheld for each subsequent

9    violation.

10       86.    Since Defendants failed to pay the Plaintiff and Employees all wages due

11   and owing in a timely manner, Defendants are in direct violation of Labor Code

12   §204, and subject to civil penalties thereon pursuant to Labor Code §210.

13       87.    As a direct and legal result of the Defendants' actions against him,

14   Plaintiff has been harmed because he has lost, and continues to lose, income and

15   related benefits. As a result, Plaintiff requests the unpaid wages, any statutory or

16   civil penalties provided for by law, interest, attorneys' fees, costs, compensatory

17   damages, and other remedies in an amount to be proven at trial.

18       88.    Plaintiff, on behalf of himself and other aggrieved Employees, also seeks

19   any statutory or civil damages and/or penalties as provided under the Private

20   Attorney General Act, under Labor Code § 2698 et seq. that have been incurred by

FIRST AMENDED COMPLAINT

1    way of Defendants' actions.

2        89.      For Defendants' misconduct as alleged herein, Plaintiff seeks injunctive

3    relief to stop practice, pay a professional for employment audit, and pay for

4    professional employment practice training to prevent future violations, as well as

5    attorney's fees and costs in an amount to be proven at trial.

6

7    **<u>FOURTH CAUSE OF ACTION</u>**

8    **[Individual and Representative Claim via Labor Code §§2698 and 2699, *et***

9    ***seq*. for**

10    **Violation of California Labor Code §§226, 226.3, 226.6]**

11    **(against CONDUENT as an individual claim only RE California Labor Code**

12    **§§226, 226.3, 226.6 and Individual and Representative Claim against AVENU**

13    **and Does 1 – 50)**

14

15        90.      Plaintiff incorporates the previous paragraphs as though they are fully set

16    forth hereafter.

17        91.      California Labor Code §226 states: "a) Every employer shall,

18    semimonthly or at the time of each payment of wages, furnish each of his or her

19    employees, either as a detachable part of the check, draft, or voucher paying the

20    employee's wages, or separately when wages are paid by personal check or cash, an

– 22 –

accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

FIRST AMENDED COMPLAINT

92.     Throughout Plaintiff's employment, AVENU failed to provide itemized statements as required by law and described above. As such, Plaintiff is therefore entitled to statutory damages, interest and attorney's fees to the fullest extent of the law and according to proof at trial.  As a result, Plaintiff is entitled to these statutory and civil penalties provided for by law, interest, attorneys' fees, costs, compensatory damages, and other remedies in an amount to be proven at trial.

93.     Plaintiff also seeks any statutory or civil damages and/or penalties as provided under the Private Attorney General Act, under Labor Code §2698 et seq. that have been incurred by way of Defendants' actions on behalf of herself and all similarly situated Employees.

94.     For Defendants' misconduct as alleged herein, Plaintiff seeks injunctive relief to stop practice, pay a professional for employment audit, and pay for professional employment practice training to prevent future violations, as well as attorney's fees and costs in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**[Individual and Representative Claim via Labor Code §§2698 and 2699, *et seq*. for**

**Violation of California Labor Code §510]**

**(against CONDUENT as an individual claim only RE California Labor Code**

FIRST AMENDED COMPLAINT

§510 and Individual and Representative Claim against AVENU and Does 1 –
50)

95.    Plaintiff incorporates the previous paragraphs as though they are fully set forth hereafter.

96.    Plaintiff alleges that California Labor Code § 510 requires, in pertinent part, that, "… Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

97.    Plaintiff was misclassified as an exempt employee. Plaintiff was non-exempt and as such, AVENU'S failure to pay overtime is in violation of California law.

98.    Plaintiff and Employees were made to work overtime hours without breaks in violation of California law.

99.    AVENU also failed to keep an accurate record of Plaintiff's hours worked or the hours worked by Employees because they failed to account for any overtime hours worked.

100.    Plaintiff and Employees are entitled to compensation for all overtime work performed for AVENU. AVENU has not paid Plaintiff or Employees the amounts to which they are legally entitled.

FIRST AMENDED COMPLAINT

1    101.  As a result of AVENU'S failure to pay Plaintiff in full, Plaintiff is entitled

2    to waiting time penalties pursuant to Labor Code § 203, for a period of thirty (30)

3    days.

4        102. As result of AVENU'S failure to pay Plaintiff and other aggrieved

5    Employees for the overtime that they worked, they are entitled to recover a statutory

6    and civil penalty under Labor Code § 558.

7        103.  As a direct and legal result of the AVENU'S actions against him, Plaintiff

8    has been harmed because he has lost, and continues to lose, income and related

9    benefits. As a result, Plaintiff requests the unpaid wages, any statutory or civil

10   penalties provided for by law, interest, attorneys' fees, costs, compensatory

11   damages, and other remedies in an amount to be proven at trial.

12       104. Plaintiff on behalf of all similarly situated Employees also seeks any

13   statutory or civil damages and/or penalties as provided under the Private Attorney

14   General Act, under Labor Code §2698 and §2699 et seq. and §558 that have been

15   incurred by way of AVENU'S actions.

16       105.  For AVENU'S misconduct as alleged herein, Plaintiff seeks injunctive

17   relief to stop practice, pay a professional for employment audit, and pay for

18   professional employment practice training to prevent future violations, as well as

19   attorney's fees and costs in an amount to be proven at trial.

20

FIRST AMENDED COMPLAINT

## SIXTH CAUSE OF ACTION

**[Individual and Representative Claim via Labor Code §§2698 and 2699, *et seq*. for**

**Violation of California Labor Codes §§ 512]**

**(against CONDUENT as an individual claim only RE California Labor Code §512 and Individual and Representative Claim against AVENU and Does 1 – 50)**

106.  Plaintiff incorporates the previous paragraphs as though they are fully set forth hereafter.

107.  Labor Code §512 mandates that an employer must provide a meal period of at least 30 minutes if the employee works more than five hours.  A second meal period is required after 10 hours of work.

108.  Plaintiff and Employees were required to work through rest and meal breaks in AVENUE'S effort to avoid the proper administration of meal and rest periods, in violation of Cal. Lab. Code § 512.

109. As a direct and legal result of the AVENUE'S actions against him, Plaintiff has been harmed because he has lost, and continues to lose, income and related benefits. As a result, Plaintiff requests the unpaid wages, any statutory or civil penalties provided for by law, interest, attorneys' fees, costs, compensatory damages, and other remedies in an amount to be proven at trial.

110. Plaintiff on behalf of all similarly situated Employees also seeks any statutory or civil damages and/or penalties as provided under the Private Attorney General Act, under Labor Code § 2698 et seq. that have been incurred by way of Defendants' actions.

111. For AVENUE'S misconduct as alleged herein, Plaintiff seeks injunctive relief to stop practice, pay a professional for employment audit, and pay for professional employment practice training to prevent future violations, as well as attorney's fees and costs in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

**[Individual and Representative Claim via Labor Code §§2698 and 2699, *et seq.* for**

**Violation of California Labor Code §§1174(d), 1194, 1197, 1197.1, 1199]**

**(against CONDUENT as an individual claim only RE California Labor Code §§1174(d), 1194, 1197, 1197.1, 1199and Individual and Representative Claim against AVENU and Does 1 – 50)**

112. Plaintiff incorporates the previous paragraphs as though they are fully set forth hereafter.

113. Labor Code §§1197 and 1197.1 mandates that payment of a lower wage than minimum wage is unlawful.

114. Labor Code §1194 provides for the aware of attorney's fees in an action to recover wages due.

115. Labor Code §1199 states "Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.

116. At all times throughout their employment, Plaintiff and Employees were compensated at a rate less than the legal minimum wage and this violates minimum wage standards under California Labor Code §§1174(d), 1194, 1197, 1197.1, and in the minimum wage as described in the IWC Wage Orders applicable during Plaintiff's employment with AVENU.

117. As a direct and legal result of the Defendants' actions against him, Plaintiff has been harmed because he has lost, and continues to lose, income and related benefits. As a result, Plaintiff requests the unpaid wages, liquidated damages, any statutory or civil penalties provided for by law, interest, attorneys' fees, costs, compensatory damages, and other remedies in an amount to be proven at trial.

FIRST AMENDED COMPLAINT

118.  Plaintiff, on behalf of himself and Employees also seeks any statutory or civil damages and/or penalties as provided under the Private Attorney General Act, under Labor Code § 2698 et seq. that have been incurred by way of Defendants' actions.

119.  For Defendants' misconduct as alleged herein, Plaintiff seeks injunctive relief to stop practice, pay a professional for employment audit, and pay for professional employment practice training to prevent future violations, as well as attorney's fees and costs in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

**[Individual and Representative Claim via Labor Code §§2698 and 2699, *et seq.* for**

**Violation of California Labor Code §1174(d)]**

**(against CONDUENT as an individual claim only RE California Labor Code §1174(d) and Individual and Representative Claim against AVENU and Does 1 – 50)**

120.  Plaintiff incorporates the previous paragraphs as though they are fully set forth hereafter.

121.  Labor Code §1174(d) states in pertinent part: "Keep, at a central location in the state or at the plants or establishments at which employees are employed,

1   payroll records showing the hours worked daily by and the wages paid to, and the

2   number of piece-rate units earned by and any applicable piece rate paid to,

3   employees employed at the respective plants or establishments." AVENUE failed

4   to keep accurate records in violation of Labor Code §1174(d).

5       122. Plaintiff alleges that AVENU failed throughout his employment and

6   other aggrieved Employees employment to keep accurate records pursuant to Labor

7   Code 1174(d).

8       123. As a direct and legal result of the Defendants' actions against him,

9   Plaintiff has been harmed because he has lost, and continues to lose, income and

10  related benefits. As a result, Plaintiff requests the unpaid wages, any statutory or

11  civil penalties provided for by law, interest, attorneys' fees, costs, compensatory

12  damages, and other remedies in an amount to be proven at trial.

13      124. Plaintiff on behalf of all similarly situated Employees also seeks any

14  statutory or civil damages and/or penalties as provided under the Private Attorney

15  General Act, under Labor Code §§2698 and 2699 et seq. that have been incurred by

16  way of Defendants' actions.

17      125. For AVENU'S misconduct as alleged herein, Plaintiff seeks injunctive

18  relief to stop practice, pay a professional for employment audit, and pay for

19  professional employment practice training to prevent future violations, as well as

20  attorney's fees and costs in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

**[Individual and Representative Claim via Labor Code §§2698 and 2699, *et seq*. for**

**Violation of California Labor Codes §§1198]**

**(against CONDUENT as an individual claim only RE California Labor Code §1198 and Individual and Representative Claim against AVENU and Does 1 – 50)**

126.  Plaintiff incorporates the previous paragraphs as though they are fully set forth hereafter.

127.  Labor Code §1198 provides that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

128.  Plaintiff was periodically required to work more hours than is fixed by the commission, however, Defendants, and each of them, failed to pay Plaintiff overtime wages for work Plaintiff performed in excess of eight (8) hours per day and in excess of 40 hours per work week.

129.  As a direct and legal result of the Defendants' actions against him,

1   Plaintiff has been harmed because he has lost, and continues to lose, income and

2   related benefits. As a result, Plaintiff requests the unpaid wages, wrongfully withheld

3   wages, any statutory or civil penalties provided for by law, interest, attorneys' fees,

4   costs, compensatory damages, and other remedies in an amount to be proven at trial.

5        130.  Plaintiff on behalf of himself and Employees also seeks any statutory or

6   civil damages and/or penalties as provided under the Private Attorney General Act,

7   under Labor Code § 2698 et seq. that have been incurred by way of Defendants'

8   actions.

9        131.  For Defendants' misconduct as alleged herein, Plaintiff seeks injunctive

10   relief to stop practice, pay a professional for employment audit, and pay for

11   professional employment practice training to prevent future violations, as well as

12   attorney's fees and costs in an amount to be proven at trial.

13

14   **TENTH CAUSE OF ACTION**

15   **PAGA – PRIVATE ATTORNEY GENERAL ACT FOR VIOLATIONS OF**

16   **CALIFORNIA LABOR CODES §§ 98.6, 201, 202, 203, 204, 226, 226.3, 226.6,**

17   **226.7, 432.5, 510, 512, 751.8, 1102.5, 1174(d), 1194, 1197, 1197.1, 1199, 2751**

18   **(against AVENU and Does 1 – 50)**

19        132.  Plaintiff incorporates the previous paragraphs as though they are fully set

20   forth hereafter.

133.  Defendants, at all times material herein, were Plaintiff's employers and the employers of other aggrieved employees.

134.  Plaintiff is an aggrieved employee as defined in Labor Code §2699(c). He brings this cause on behalf of himself as he has been affected by the Labor Code violations alleged in this complaint.

135.  As alleged above, Defendants have violated sections §§ 98.6, 201, 202, 203, 204, 226, 226.3, 226.6, 226.7, 432.5, 510, 512, 751.8, 1102.5, 1174(d), 1194, 1197, 1197.1, 1199, 2751 of the California Labor Code.

136.  Plaintiff is permitted to recover any civil penalties assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code.

137.  As a direct and legal result of the Defendants' actions against him, Plaintiff has been harmed because he has lost, and continues to lose, income and related benefits. As a result, Plaintiff requests the unpaid wages, any statutory or civil penalties provided for by law, interest, attorneys' fees, costs, compensatory damages, and other remedies in an amount to be proven at trial.

138.  Plaintiff also seeks any statutory or civil damages and/or penalties as provided under the Private Attorney General Act, under Labor Code Section 2698 et seq. that have been incurred by Plaintiff by way of Defendant's actions.

FIRST AMENDED COMPLAINT

**ELEVENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §17200]**

**(against All Defendants and Does 1 – 50)**

139.  Plaintiff incorporates the previous paragraphs as though they are fully set forth hereafter.

140. Pursuant to Business & Professions Code §17201, "As used in this chapter, the term person shall mean and include natural persons, **corporations**, firms, partnerships, joint stock companies, associations and other organizations of persons (emphasis added).

141. As such, Defendants AVENU and CONDUENT are considered a "person" as defined under Business and Professions Code §17021.

142. Plaintiff is informed and believes and based thereon allege that Defendants, and each of them, committed the unfair business practice, as defined by Cal. Bus. & Prof. Code §17200, et seq., by violating the laws alleged to have been violated in this Complaint and which allegations are incorporated herein by reference and include, but are not limited to:

a.    Defendants failed to pay all wages owed upon at the end of the employment relationship,

b.    Defendants failed to timely pay wages,

c.    Defendants failed to pay sick days,

FIRST AMENDED COMPLAINT

1    d.    Defendants failed to pay overtime,

2    e.    Defendants failed to pay wages after demand was made,

3    f.    Defendants unlawfully withheld wages from its Employees,

4    g.    Defendants failed to pay interest owed on unpaid wages,

5    h.    Defendants failed to provide meal and rest breaks,

6    i.    Defendants failed to pay minimum wage,

7    j.    Defendants unlawfully withheld wages, and

8    k.    Defendants failed to provide accurate and itemized wage and payroll

9    statements.

10    143.  The practices described above are unfair within the meaning of Cal. Bus.

11    & Prof. Code §17200, et seq., because the acts were intentionally performed by the

12    purpose of harming the Plaintiff.

13    144.  Further, such skirting of the California labor laws presents a threat to the

14    general public in that the enforcement of the labor laws is essential to ensure that all

15    California employers compete equally and that no California employer receives an

16    unfair competitive advantage at the expense of its employees.

17    145. As a direct and legal result of the Defendants' actions against him,

18    Plaintiff has been harmed because he has suffered losses in an amount to be

19    determined according to proof at trial.

20

FIRST AMENDED COMPLAINT

146.  As a result, Plaintiff requests the unpaid wages, any statutory or civil penalties provided for by law, interest, attorneys' fees, compensatory damages, and other remedies in an amount to be proven at trial.

147.  As a direct and proximate result of the aforesaid acts and conduct of said Defendants, Plaintiff is entitled to and hereby seeks attorneys' fees as permitted by law and as provided for by §1021.5 of the California Code of Civil Procedure.

148.  By violating the foregoing statutes and regulations, the acts of Defendant AVENU constitute unfair and unlawful business practices under Business and Professions Code § 17200 et seq.

149.  Defendant's violation of California wage and hour laws constitutes a business practice because it was done repeatedly over a significant period of time and in a systematic manner to the detriment to the Plaintiff.

150.  Plaintiff has suffered damages as a result of Defendant's actions in an amount according to proof at time of trial.

## TWELFTH CAUSE OF ACTION

**[Individual and Representative Claim via Labor Code §§2698 and 2699, *et seq*.  for Violation of California Labor Code §2751]**

**(against AVENU and Does 1 – 50)**

151.  Plaintiff incorporates the previous paragraphs as though they are fully set

FIRST AMENDED COMPLAINT

1   forth hereafter.

2      152. Plaintiff alleges that Cal. Lab. Code §2751(a) states: "Whenever an

3   employer enters into a contract of employment with an employee for services to be

4   rendered within this state and the contemplated method of payment of the employee

5   involves commissions, the contract shall be in writing and shall set forth the method

6   by which the commissions shall be computed and paid."

7      153. Defendants were required under Labor Code §2751 to provide a fully

8   executed copy of the Commissions Agreement/Contract to Plaintiff which they

9   failed to do.

10     154. Defendants failed to enter into a commissions contract as required by

11  law.   Plaintiff did sign a contract with his previous employer, defendant

12  CONDUENT, however, defendant AVENU failed to enter into a signed agreement

13  with Plaintiff upon acquiring the division of CONDUENT Plaintiff had previously

14  worked for.

15     155. Once AVENU offered Plaintiff a commission plan of 4.5% if Plaintiff

16  would come to work for AVENU after AVENU acquired the division of

17  CONDUENT Plaintiff worked for in order for Plaintiff to close a $1 million dollar

18  sale, AVENU was obligated to put that plan in writing, sign it, have Plaintiff sign it

19  and provide Plaintiff with a fully executed copy.

20     156. Defendant AVENU failed to put in writing their offer of 4.5% if Plaintiff

FIRST AMENDED COMPLAINT

1  would come to work for AVENU after AVENU acquired the division of

2  CONDUENT Plaintiff worked for in order for Plaintiff to close a $2,184,000 sale,

3  AVENU is in violation of California Labor Code §2751.

4      157.  As such, Plaintiff is therefore entitled to actual damages, statutory

5  damages, interest and attorney's fees to the fullest extent of the law and any other

6  monetary relief under the law according to proof at trial.

7      158.  For Defendants' misconduct as alleged herein, Plaintiff seeks injunctive

8  relief to stop practice, pay a professional for employment audit, and pay for

9  professional employment practice training to prevent future violations, as well as

10  attorney's fees and costs in an amount to be proven at trial.

11

12          **THIRTEENTH CAUSE OF ACTION**

13  **Breach of Oral Contract in Violation of California Civil Code §§1549, 1550]**

14          **(against AVENU and Does 1 – 50)**

15

16      159.  Plaintiff incorporates the previous paragraphs as though they are fully set

17  forth hereafter.

18      160.  As defined by Civil Code §1549, "A contract is an agreement to do or

19  not to do a certain thing."

20

FIRST AMENDED COMPLAINT

161.  As defined by Civil Code §1550, "it is essential to the existence of a contract that there should be:

1. Parties capable of contracting;

2. Their consent;

3. A lawful object; and,

4. A sufficient cause or consideration."

162.  AVENUE entered into a binding oral agreement wherein Plaintiff was offered 4% commissions on sales he closed for Defendant AVENU.  This constitutes a valid oral contract under Civil Code §1549

163.  The parties that entered into the binding oral agreement, Plaintiff on the one hand and AVENU on the other, were both parties legally capable of entering into a contract pursuant to Civil Code §1550(1).

164.  Both Plaintiff and AVENU contented to the terms of the oral contract pursuant to Civil Code §1550(2).

165.  The oral contract entered into by Plaintiff and AVENU was not forbidden under any State laws pursuant to Civil Code §1550(3).

166.  AVENU set commission for closing sales at 4% which is sufficient consideration pursuant to Civil Code §1550(4).

167.  Plaintiff was entitled to 4% commission on sales pursuant to the oral agreement.

168.  Plaintiff has been damaged by AVENU'S breach of the oral agreement in an amount to be proven at trial but in no way less than the benefit of the bargain which is the amount of $45,454.08 still due and owing.

169.  Plaintiff has incurred and will continue to incur attorney's fees and costs as a result of the breach.

## FOURTEENTH CAUSE OF ACTION

### Fraud

### (against AVENU and Does 1 – 50)

170.  Plaintiff incorporates the previous paragraphs as though they are fully set forth hereafter.

171. Plaintiff alleges that Mike Romano, the VP of Sales for AVENU represented to Plaintiff that Plaintiff would receive 4% commissions on sales generated by Plaintiff for the benefit of AVENU.  Mr. Romano represented to Plaintiff as true that if Plaintiff came to work for AVENU after AVENU acquired the division of CONDUENT Plaintiff was working for, Plaintiff would make 4% commission on sales.  Mr. Romano further represented to Plaintiff that the commission plan Plaintiff would receive would be with more favorable terms than

FIRST AMENDED COMPLAINT

1  what he had before receiving while employed by CONDUENT if he came to work

2  for AVENU.

3    172. Mr. Romano's representations were false. Plaintiff has yet to be paid the

4  remaining 2% commission on the oral contract entered into between Plaintiff and

5  AVENU and as such, the representations made to Plaintiff that he would receive at

6  4% commission on sales was false.

7    173. Mr. Romano knew that the representations were false when he made

8  them, or that he made the representations recklessly and without regard for their

9  truth. Mr. Romano knew when he induced Plaintiff to come to work for AVENU

10  after AVENU acquired the division of CONDUENT Plaintiff was working for by

11  offering him an oral contract for commissions on sales that Plaintiff would never

12  receive the remaining balance of $45,454.08 on the oral contract between Plaintiff

13  and AVENU.

14    174. Mr. Romano intended that Plaintiff rely on the representation.  Mr.

15  Romano wanted Plaintiff to continue to generate sales after AVENU acquired the

16  division of CONDUENT Plaintiff was working for so that Plaintiff would make a

17  lucrative sale for AVENU so he "sweetened the pot" by offering 4% commission

18  knowing Plaintiff would never receive that amount.

19    175. Plaintiff alleges that he reasonably relied on I Mr. Romano's

20  representation. Plaintiff had no reason to suspect that agreeing to the oral contract of

FIRST AMENDED COMPLAINT

1  4% of sales generated and as such, relied on Mr. Romano's promises and

2  representations.

3       176.  Plaintiff alleges that he was harmed. Plaintiff has been harmed in that he

4  has suffered loss of income for the other 2% commissions promised to him.

5       177.  Plaintiff alleges that Plaintiff's reliance on Mr. Romano's representation

6  was a substantial factor in causing his harm.  Plaintiff believed that Mr. Romano's

7  offering 4% commission if Plaintiff could close sales was a legitimate offer and as

8  such, Plaintiff accepted by way of performance.  Had Plaintiff been aware of the

9  falsity of Mr. Romano's representations, Plaintiff would not have continued to

10  generate sales for AVENU after AVENU acquired the division of CONDUENT

11  Plaintiff worked for.

12       178.  Plaintiff began his employment with CONDUENT, INC. on January 1,

13  2017. Plaintiff's division at CONDUENT was acquired by AVENU INSIGHTS

14  AND ANALYTICS, LLC in or about September 2018.

15       179.  Plaintiff was told by Mr. Romano that he would be "really happy with

16  the new comp plan" and if Plaintiff "close[d] the deal, [he'd] make 4% instead of

17  2% with more favorable terms.

18       180.  In or about April 2019, Plaintiff received $45,454.08, however, Plaintiff

19  was advised that the other $45,454.08 was being held back "for completion of

20  implementation."

FIRST AMENDED COMPLAINT

1      181.  Plaintiff was concerned at that time as he knew AVENU'S reputation for

2    completing implementation was less than stellar.

3      182.  The V.P. of Sales told Plaintiff that because Plaintiff lived in California,

4    AVENU would have to pay Plaintiff anyway.

5      183.  Plaintiff has never received the remaining $45,454.08 he was promised

6    as an inducement to continue to you generate sales for AVENU after AVENU

7    acquired the division of CONDUENT Plaintiff worked for.

8      184. Defendant  AVENU,  through  its  VP  of  Sales,  Mr.  Romano,

9    misrepresented material facts, with knowledge of their falsity, with the intent to

10   induce  Plaintiff  to  act  in  justifiable  reliance  on  the  misrepresentation  to  his

11   detriment.

12     185.  Defendant AVENU, through its VP of Sales, Mr. Romano affirmatively

13   misrepresented that Plaintiff was going to make 4% commission on a sale if Plaintiff

14   agreed to work for AVENU once AVENU acquired the division of CONDUENT

15   Plaintiff worked for.

16     186. Defendant  AVENU,  through  its  VP  of  Sales,  Mr.  Romano  had

17   knowledge of the misrepresentation's falsity because Defendant AVENU, through

18   its  VP  of  Sales,  Mr.  Romano  intended  to  induce  Plaintiff  to  rely  on  his

19   representations.

20

FIRST AMENDED COMPLAINT

187.  Plaintiff's reliance on Defendant AVENU, through its VP of Sales, Mr. Romano's representations were justified.

188.  Defendant AVENU, through its VP of Sales, Mr. Romano promised and reassured Plaintiff that he would receive 4% commission on a sales if Plaintiff would agree to work for AVENU after AVENU acquired the division of CONDUENT Plaintiff worked for.

189.  As a proximate result of Defendant AVENU, through its VP of Sales, Mr. Romano's misrepresentations as contained throughout this complaint, Plaintiff was damaged in an amount to be proven at trial but no less than the $45,454.08 outstanding commissions, interest thereon and attorney's fees and costs of suit.

190.  The aforementioned conduct constituted intentional misrepresentations, deceit, and/or concealment of material facts known to Defendant AVENU, through its VP of Sales, Mr. Romano, with the intention on the part of Defendant AVENU, through its VP of Sales, Mr. Romano of thereby depriving Plaintiff of property, legal rights or otherwise causing injury, emotional distress and was despicable conduct that subjected to cruel and unjust hardship and conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

FIRST AMENDED COMPLAINT

1

## **PRAYER**

2

3          WHEREFORE, Plaintiff prays:

4          1.  For compensatory damages according to proof;

5          2.  For penalties according to proof;

6          3.  For reasonable attorney's fees and costs of suit;

7          4.  For punitive damages,

8          5.  For special damages

9          6.  For injunctive relief;

10         7.  For a Jury Trial; and

11         8.  For such other relief that the Court deems proper.

12

13    Dated:     February 25, 2021        Amezcua-Moll & Associates, PC

14

15                                          _____
                                            Rosemary Amezcua-Moll,
16                                          Attorneys for Plaintiff

17

18

19

20

FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1122 East Lincoln Ave., Suite 203, Orange, CA 92865.

On **February 25, 2021**, I served the foregoing documents described herein as **FIRST AMENDED COMPLAINT** on the interested parties in this action by serving the following parties:

Ben Gipson
DLA Piper LLP
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4704
ben.gipson@dlapiper.com

*Attorney for AVENU INSIGHTS AND ANALYTICS, LLC*

☒      BY ELECTRONIC SERVICE. I caused said document(s) to be delivered by personal service pursuant to FRCP.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **February 25, 2021**, in Orange, California.

_____
Jim Ellis

---

**PROOF OF SERVICE**

- 1 -

Case No.: 2:20-cv-10591FLA(SKx)                    Hon. Fernando L. Aenlle-Rocha